**BAKER & HOSTETLER LLP**
Robertson D. Beckerlegge (RB 1829)
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

Counsel for Plaintiff
Scott C. Mueller


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X
SCOTT C. MUELLER,                           :
                                            :
        Plaintiff,                  :    CIVIL ACTION NO.
                                            :
   -against-                              :    15 CV _____
                                            :
MICHAEL JANSSEN GALLERY PTE.                :
LTD., MICHAEL JANSSEN,                      :
WILHELM SCHURMANN,                          :    JURY TRIAL DEMANDED
MARISA NEWMAN PROJECTS, LLC,                :
                                            :
        Defendants.                 :
                                            :
-------------------------------------------------X

## COMPLAINT

Scott C. Mueller for his complaint against defendants Michael Janssen Gallery Pte. Ltd., Michael Janssen, Wilhelm Schurmann and Marisa Newman Projects, LLC states as follows:

606659170.1

## NATURE OF THE ACTION

This case arises from the unlawful retention of $800,000 paid for an artwork that was never delivered. Scott C. Mueller ("Mueller") brings this action to recover the $800,000 owed by Michael Janssen Gallery Pte. Ltd. under the contractual buy-back option and against Wilhelm Schurmann and Marisa Newman Projects, LLC to disgorge funds belonging to Mueller. Mueller also brings this action against Michael Janssen individually for the conversion of funds.

## THE PARTIES

1. Plaintiff Mueller is an individual residing in Chagrin Falls, Ohio.

2. Defendant Michael Janssen Gallery Pte. Ltd. ("Janssen Gallery") is an art dealer based in Berlin and Singapore. Janssen Gallery sells artwork to buyers throughout the world, including in this judicial district. Defendant Michael Janssen ("Janssen") is a German citizen and the owner and operator of the Janssen Gallery.

3. Defendant Wilhelm Schurmann ("Schurmann") is the owner of the artwork titled "Log Cabin" which Mueller paid Janssen Gallery to purchase. Based on available information, Schurmann is a citizen of the Republic of Germany.

4. Defendant Marisa Newman Projects, LLC ("Newman") is a corporation resident in this judicial district. Pursuant to the Agreement, Newman acted as "an independent art advisor to facilitate the sale of the work" and otherwise acted as an agent on behalf of Janssen Gallery and Schurmann. Upon information and belief, defendant Newman received and unlawfully retains proceeds from the sale.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Plaintiff and defendants are citizens of different states and the amount in controversy is more than $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391b(2) and (3) because a substantial part of the events or omissions occurred in this district and there is no other district where this action may be brought and the defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS AND BACKGROUND

7. "Log Cabin" is an artwork created by renowned American artist Cady Noland ("Noland). It is a sculpture with a wooden façade bearing an American flag. At all times relevant hereto, the artwork was owned by Schurmann.

8. Newman contacted Brett Shaheen ("Shaheen"), an art dealer located in Cleveland, Ohio, to inform him that "Log Cabin" was available for purchase and to see if Shaheen's client, Mueller, might be interested. Through the efforts of Newman and Shaheen, Mueller reached an agreement to purchase "Log Cabin" through the Janssen Gallery.

9. The terms of this Agreement were memorialized in a written Agreement of Purchase and Sale (the "Agreement") dated July 2, 2014 and attached hereto as Exhibit A. This Agreement was drafted by attorneys retained by Newman and located at 233 Broadway Avenue, New York, New York.

10. The Agreement provided for the payment of USD $1,400,000 wire transferred to Janssen Gallery in Singapore. The Agreement further specified that Newman would facilitate the transaction. The Agreement further provided for shipment of the artwork to Mueller in Ohio.

11. To provide assurance as to the authenticity of the artwork and given the history of the artist, the Agreement expressly provided a buy-back option if the artist "affirmatively refuses to acknowledge or approve the legitimacy of the work; seeks to disassociate her name from the work; or claims that her moral rights…have been violated." In such event, the Agreement provided for the buy-back of the artwork by Janssen Gallery.

12. The Agreement further contained a written representation, warranty, and covenant that the vendor (Janssen Gallery) and the Owner (Schurmann) "have sufficient capital in light of their contemplated activities and are able to pay their obligations as they become due in the ordinary course."

13. Pursuant to the Agreement, Mueller wire transferred the full purchase price of USD $1,400,000 to the Janssen Gallery.

14. Prior to the shipment, Mueller's agent, Shaheen, sent a letter to Noland to inform her of the sale and the replacement of the logs that had rotted in the ten years it sat outside at a museum in Germany. Shaheen consulted Janssen, the owner of Janssen Gallery and Chris D'Amelio (an advisor specified in the Agreement), prior to sending the letter. The letter included a telephone number and email address to contact Shaheen and a fax number for Mueller.

15. Noland called Shaheen.  Noland angrily denounced the restoration of the artwork without her knowledge and approval.  She further stated that any effort to display or sell the sculpture must include notice that the piece was remade without the artist's consent, that it now consists of unoriginal materials, and that she does not approve of the work.

16. Noland also sent by facsimile a handwritten note to Mueller on or about July 18, 2014, stating, "This is not an artwork" and objecting to the fact that the sculpture was 'repaired by a consevator (sic) BUT THE ARTIST WASN'T CONSULTED." (Emphasis in the original.)

17. Mueller's agent then informed Janssen and Newman of the substance of the telephone call.  Shaheen concluded, stating "Please get back to me at your earliest possible convenience so that we can proceed under the terms of the purchase agreement to unwind this transaction and initiate the buy-back of the piece by the previous owner."  Shaheen also later provided copies of the letter to Cady and her facsimile to Mueller.

18. Janssen responded representing that he had spoken with the owner Schurmann and that there were "not much options to calm 'crazy' Cady down." Janssen then suggested that perhaps Mueller could instead buy one of the other Cady Noland artworks that Schurmann owned with the funds already paid.

19. Shaheen, on behalf of Mueller, responded confirming that Mueller was only interested in "exercising the buy-back clause, and Michael Janssen Gallery/Mr. Schurmann buying the work back from him for the full cash purchase price of $1.4

million, per the terms of and within the timeframe set forth in the purchase agreement." This email was copied to Newman and to several attorneys engaged to represent Newman. These attorneys were located at 233 Broadway Avenue, New York, New York.

20.     Acknowledging the obligation to return the purchase price, Janssen requested wiring instructions for Mueller. In or about August of 2014, the Janssen Gallery returned $350,000 of the $1,400,000 by a wire transfer.

21.     In September, Shaheen sent an email to Janssen questioning when he would send the remainder of the money owed. Despite repeated requests, Janssen would not confirm when the remaining funds would be received or where the artwork was located.

22.     In November, Janssen requested additional time to return the funds. The deadline to return the money owed was then extended to December 20, 2014. Janssen return an additional $250,000 of the purchase but has not returned the additional $800,000 which he acknowledges is owed. After repeated requests, Janssen eventually represented that the sculpture was still held in storage by Schurmann.

23.     Repeated efforts to secure the return of the remaining funds have failed. In an email dated May 27, 2015, Janssen wrote: "It is a most unfortunate situation for me as you can imagine and I am working continuously to find a solution. I can only ask again for an extension of your good will and patience, but certainly understand if there is no room for maneuver anymore."

## FIRST CAUSE OF ACTION

### Breach of Contract
### (Against The Jansen Gallery)

24. Each and every allegation set forth above is incorporated as if fully rewritten herein.

25. Mueller and the Janssen Gallery entered into a signed contract which is attached as Exhibit A.

26. Mueller performed his obligation under the Agreement wire transferring the full purchase price of $1,400,000.

27. After transferring the funds, Mueller validly exercised his rights under the buy-back option.

28. The Janssen Gallery acknowledged the valid exercise of this right, but has returned only USD $600,000 of the purchase price, breaching its contractual obligation to return the full purchase price by the agreed date.

29. Wherefore, the remaining balance of USD $800,000 is overdue and should be ordered to be paid forthwith to Mueller.

## SECOND CAUSE OF ACTION

### Unjust Enrichment
### (Against Defendants Marissa Newman Projects LLC and Wilhelm Schurmann)

30. Plaintiff Mueller realleges each and every allegation set forth above as if fully rewritten herein.

31. Mueller paid the full purchase price for the artwork.

32. Under these circumstances, Newman, as independent art advisor, and Schurmann, as owner, must have knowingly received a portion of the $1,400,000 paid by Mueller. Otherwise, then Janssen has simply committed fraud.

33. It would be unjust for Newman or Schurmann to retain the funds known to have been paid by Mueller when the artwork was never delivered to Ohio and Mueller validly exercised his "buy-back option" as explained above.

34. Wherefore, this Court should order disgorgement of all funds received.

### THIRD CAUSE OF ACTION

Conversion
(Against Michael Janssen)

35. Plaintiff incorporates each and every allegation set forth above as if fully rewritten herein.

36. Plaintiff pleads in the alternative that if Janssen simply converted the funds sent as the full purchase price for the artwork, then he is personally liable for the tort of conversion.

37. As stated above, the $1,400,000 was wired to the Janssen Gallery for the purchase of the artwork owned by Schurmann. Janssen has wrongfully misappropriated the funds provided by Mueller which have not been returned.

38. Wherefore, Mueller seeks damages in the full amount converted by Janssen along with punitive damages for the wrongful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Mueller seeks an order and judgment of this Court, granting the following relief:

(a)     Granting specific performance against Janssen Gallery for the remaining $800,000 purchase price required to be paid under the "buy-back option" of the Agreement;

(b)     Awarding an order of disgorgement against defendants Newman and Schurmann for the full amount received from the purchase price;

(c)     Granting judgment against Janssen personally for the conversion of funds wire transferred by Mueller for the purchase of the artwork;

(d)     Awarding punitive damages against Janssen personally for the acts of conversion;

(e)     Awarding plaintiff his costs of suit, including reasonable attorneys' fees to the extent provided by law; and

(f)     Allowing plaintiff such other relief as this Court deems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff requests a trial by jury on all issues so triable.

Dated: New York, New York
June 22, 2015

**BAKER & HOSTETLER LLP**

By: */s/ Robertson D. Beckerlegge*
Robertson D. Beckerlegge (RB 1829)
rbeckerlegge@bakerlaw.com
45 Rockefeller Plaza
New York, New York  10111
(212) 589-4200
(212) 589-4201 - Fax

Of Counsel:
Edmund W. Searby (OH0067455)
esearby@bakerlaw.com
PNC Center
1900 East 9th Street, Suite 3200
Cleveland, OH  44114-3482
Telephone: (216) 621-0200
Facsimile:  (216) 696-0740

Attorneys for Plaintiff
SCOTT C. MUELLER